UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LEROY SMITHRUD,                                              CIVIL NO. 10-4451 (JNE/JSM)

    Plaintiff,

v.                                                                    REPORT AND RECOMMENDATION

CITY OF MINNEAPOLIS,
A MUNICIPAL CORPORATION,
AND JOHN AND JANE DOES 1-10

    Defendants.

JANIE S. MAYERON, United States Magistrate Judge

The above matter came before the undersigned on Defendants' Motion to Dismiss, or in the Alternative, for Summary Judgment [Doc. No. 3]. Defendants were represented by Sara J. Lathrop, Esq. Plaintiff appeared pro se.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation by the District Court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(c). For the following reasons the Court recommends that defendants' Motion to Dismiss with Prejudice or for Summary Judgment be granted.

**I.  BACKGROUND**

    **A.  State Court Action and Petition for Writ of Certiorari**

This suit arises out of the demolition of a Minneapolis apartment building owned by plaintiff LeRoy Smithrud. The City of Minneapolis' Director of Inspections ordered the building demolished as a nuisance on June 6, 2007, pursuant to Minneapolis Code of Ordinances § 249.30 (2006). Affidavit of Sara J. Lathrop in Support of Motion to Dismiss ("Lathrop Aff."), Ex. 1, ¶ 1 (Order Opinion, Smithrud v. City of Minneapolis,

Case No. A08-2157 (Minn. Ct. App. Sept. 15, 2009)) [Docket No. 9-1]. After a hearing requested by Smithrud, a review panel recommended that the demolition order be upheld. Id. The matter was presented to the full Minneapolis City Council on August 22, 2008 and the City Council voted to authorize demolition. Id.

In response to the City Council's decision, Smithrud filed a complaint against the City of Minneapolis in Hennepin County District Court. The complaint asserted violations of the federal Fair Housing Act ("FHA") and the Americans with Disabilities Act ("ADA"), and sought a temporary restraining order ("TRO") to enjoin the demolition. Complaint, ¶ 2 [Docket No. 1]; see also Lathrop Aff., Ex. 2, p. 2 (Order of Dismissal, Smithrud v. City of Minneapolis, No. 27-CV-08-27045, Henn. Cty. Dist. Ct. Oct. 31, 2008)) [Docket No. 9-2]. Hennepin County District Judge Denise D. Reilly denied Smithrud's motion for a TRO and also dismissed the action for lack of subject matter jurisdiction and lack of personal jurisdiction. Lathrop Aff., Ex. 2, p. 1. Judge Reilly ruled that the state district court lacked subject matter jurisdiction because the City Council's quasi-judicial decision was reviewable only by writ of certiorari to the Minnesota Court of Appeals under the rule established by City of Minneapolis v. Meldahl, 607 N.W.2d 168, 171 (Minn. Ct. App. 2000). Id. at 2. Judge Reilly also concluded that the court lacked personal jurisdiction over the City because Smithrud failed to serve the City with his complaint. Id.

After Smithrud's case was dismissed, he filed a petition for writ of certiorari to the Minnesota Court of Appeals seeking review of the City's decision to demolish the building. Lathrop Aff., Ex. 3, p. 1 (Smithrud v. City of Minneapolis, Case No. A08-1957 (Minn. Ct. App. Dec. 23, 2008) [Docket No. 9-3]. The Court of Appeals denied the

2

Petition for lack of timeliness, and Smithrud's failure to serve a copy of his pleadings within the designated timelines, which the court concluded was a "jurisdictional prerequisite to judicial review." Id. at 3 (citing Roseville Educ. Ass'n v. Indep. Sch. Dist. No. 623, 391 N.W.2d 846, 849 (Minn. 1986)).

Upon denial of his Petition, Smithrud appealed the district court's order dismissing his lawsuit to the Minnesota Court of Appeals. His appeal challenged the district court's dismissal for lack of subject matter jurisdiction, but not the denial of his motion for a TRO. Lathrop Aff., Ex. 1, ¶ 4. On September 15, 2009, the Minnesota Court of Appeals affirmed the district court's conclusion that it lacked the subject matter jurisdiction to review the City's quasi-judicial process.[1] Id. at ¶¶ 5-6. The Minnesota Supreme Court denied plaintiff's petition for further review. Lathrop Aff., Ex. 4 (Smithrud v. City of Minneapolis, Case No. A08-2157 (Minn. Nov. 24, 2009)) [Docket No. 9-4].

### B. Federal Court Action

Smithrud filed the present action on November 3, 2010. Complaint, [Docket No. 1]. His suit asserted federal claims under the FHA and the ADA and claims under Minn. Stat. §§ 481.07 and 481.071. Complaint,¶¶49-80. Smithrud claimed that the City defrauded Hennepin County District Court by falsely arguing that the court lacked subject matter jurisdiction over his lawsuit and in advising the City of its ability to demolish the building during the hearing in the state court suit against the City. Id.,¶¶ 15, 44, 74, 75, 78; Affidavit of LeRoy Smithrud ("Smithrud Aff."), Ex. 1, p. 36 (Transcript

---

[1] On the same day, the Minnesota Court of Appeals affirmed the City of St. Paul's decision to demolish two of Smithrud's rental properties within the City of St. Paul to abate nuisances and the district court's dismissal of his suit for lack of jurisdiction because his claims all challenged the City's quasi-judicial decision. See Smithrud v. City of St. Paul, 2009 WL 2927389 at *1 (Minn. Ct. App., September 15, 2009).

of Proceedings before Judge Denise Reilly, Smithrud v. City of Minneapolis, No. 27CV08-27045, App. Ct. File C08-2157 (Oct. 29, 2008)) [Docket No. 1-1]. The Complaint incorporated by reference the allegations from Smithrud's state court complaint, which Judge Reilly dismissed. Complaint, ¶¶ 11, 14.

Smithrud's Complaint sought damages for costs stemming from demolition of the building, including emotional distress, damage to business reputation and goodwill, lost business opportunities, and attorney's fees and costs. Id., ¶¶ 61, 62, 67, 68. Smithrud also sought treble damages for his fraud claim. Id., ¶¶ 72, 80. In lieu of answering the Complaint, defendant City of Minneapolis moved for dismissal based on Fed. R. Civ. P. 12(b)(1) and 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 56.

## II.   STANDARD OF REVIEW

### A.   Rule 12(b)(1) Motion to Dismiss

A motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999); see also Osborn v. United States, 918 F.2d 724, 729 n.6 (8th Cir. 1990). "A court does not obtain subject-matter jurisdiction just because a plaintiff raises a federal question in his or her complaint." Biscanin v. Merrill Lynch & Co., Inc., 407 F.3d 905, 907 (8th Cir. 2005) (citing Hagans v. Levine, 415 U.S. 528, 537-38 (1974) and Bell v Hood, 327 U.S. 678, 682-83 (1946)). In a facial challenge to jurisdiction, the court "determines whether the asserted jurisdictional basis is patently meritless by looking to the face of the complaint, see McKenzie v. City of White Hall, 112 F.3d 313, 316 (8th

Cir. 1997), and drawing all reasonable inferences in favor of the [non-moving party]." Id. (citing Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003) and Crumply-Patterson v. Trinity Lutheran Hosp., 388 F.3d 588, 590 (8th Cir. 2004). See also Titus v. Sullivan, 4 F.3d 590, 593 (8th Cir. 1993) ("In a facial challenge to jurisdiction, all of the factual allegations concerning jurisdiction are presumed to be true and the motion is successful if the plaintiff fails to allege an element necessary for subject matter jurisdiction.") (citation omitted). Where a motion to dismiss relies on matters of public record, orders, materials embraced by the complaint, and exhibits attached to the complaint, the Court may consider these materials in deciding the motion. Porous Media Corp., 186 F.3d at 1079.

In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and the non-moving party does not benefit from the safeguards of 12(b)(6). See Titus, 4 F.3d at 593; Osborn, 918 F.2d at 729 n.6. "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Osborn, 918 F.2d at 730 (citation omitted).

Because this Court has relied only on matters in the public record, plaintiff's complaint and the exhibits attached to the complaint, it considered the City's challenge a facial challenge to jurisdiction.

**B.    Rule 12(b)(6) Motion to Dismiss and Rule 56 Motion for Summary Judgment**

A complaint will be dismissed if the plaintiff has failed to plead an actionable claim for relief. Fed. R. Civ. P. 12(b)(6). To state an actionable claim for relief, a complaint must allege a set of historical facts, which, if proven true, would entitle the plaintiff to some legal redress against the defendants under some established legal theory.

> At this stage of the litigation, we accept as true all of the factual allegations contained in the complaint, and review the complaint to determine whether its allegations show that the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, --- U.S. ---, 127 S.Ct. 1955, 1964-65, 167 L.E.2d 929 (2007); Fed. R. Civ. P. 8(a)(2). The plaintiffs need not provide specific facts in support of their allegations, Erickson v. Pardus, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (per curiam), but they must include sufficient factual information to provide the "grounds" on which the claim rests, and to raise a right to relief above a speculative level. Twombly, 127 S.Ct. at 1964-65 & n.3.

Schaff v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008); see also Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) ("[T]he complaint must allege facts, which if true, state a claim as a matter of law."). Thus, to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." Twombly, 127 S.Ct. at 1974. Pro se complaints are held to less stringent standards than formal pleadings filed by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). However, "[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions." Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985).

Again, as a general rule, the Court may not consider materials outside the pleadings on a motion to dismiss under Rule 12(b)(6). However, as stated in Porous

Media, "when considering a motion for judgment on the pleadings (or a motion to dismiss under Fed. R. Civ. P. 12(b)(6)), the court generally must ignore materials outside the pleadings, but it may consider some materials that are part of the public record or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings."  186 F.3d at 1079 (internal quotations and citations omitted).  Therefore, on a Rule 12(b)(6) motion to dismiss, documents attached to the complaint may be reviewed, since they are part of the pleading,[2] as well as documents that are part of a public record.  On the other hand, when materials other than those identified above are considered, the motion is analyzed under the standard of review applicable for a motion for summary judgment.  See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); see also McAuley v. Fed. Ins. Co., 500 F.3d 784, 787 (8th Cir. 2007) ("We have previously held that 'Rule 12(b)(6) itself provides that when matters outside the pleadings are presented and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56.'  Such 'matters outside the pleadings' include both statements of counsel at oral argument raising new facts not alleged in the pleadings, and 'any written or oral evidence in support of or in opposition to the pleading that provide some substantiation for and does not merely reiterate what is said in the pleadings.'"  Gibb v. Scott, 958 F.2d 814, 816 (1992) (quoting 5C Wright & Miller, Federal Practice & Procedure § 1366) (internal citations

---

[2]   Fed. R. Civ. P. 10(c) provides: "(c) Adoption by Reference; Exhibits. . . . "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."

7

omitted)). Here, in deciding the City's motion, the Court considered all of the materials submitted by the parties, which include the affidavits and exhibits. Because this Court based its decision, in part, on these materials, the City's motion is converted to a motion for summary judgment. Fed. R. Civ. P. 12(d).

Summary judgment is appropriate if there are no disputed issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view the evidence in the light most favorable to the non-moving party, who must demonstrate the existence of specific facts in the record that create a genuine issue for trial. Enterprise Bank v. Magna Bank of Mo., 92 F.3d 743, 747 (8th Cir. 1996); Krenik v. County of LeSueur, 47 F.3d 953, 957 (8th Cir. 1995).

### III. DISCUSSION

The City moved to dismiss, or, in the alternative, for summary judgment on three grounds. First, the City argued that the court lacked subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1) to review the City's quasi-judicial decision to demolish Smithrud's building because the exclusive remedy for appealing a City Council decision is a petition for writ of certiorari to the Minnesota Court of Appeals. Defendants' Memorandum of Law in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def. Mem."), pp. 10-14 [Docket No. 8]. Second, the City asserted that Smithrud's suit fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) because his claim does not allege fraud, but rather proper legal advice given by the City Attorney regarding demolition. Def. Mem., pp. 14-15. Third, the City contended that Smithrud's attempt to confer jurisdiction on the Court through allegations of fraud on the Hennepin County District Court pursuant to Minn. R. Civ. P. 60.02(c)

fails because the Rooker-Feldman doctrine prevents a federal court from granting relief that would vacate a previous state court judgment. Defendants' Second Reply Memorandum of Law in Support of Motion to Dismiss or Summary Judgment ("Def. 2d Reply"), pp. 6-7 [Docket No. 19].[3]

For the reasons discussed more fully below, this Court has concluded that it lacks subject matter jurisdiction over Smithrud's suit because all of his claims are premised on the quasi-judicial decision of the City of Minneapolis to demolish his property, and the sole remedy for that decision was through a petition for writ of certiorari to the Minnesota Court of Appeals. This Court also has determined that Smithrud's fraud on the court claim fails as a matter of law, and that the Rooker-Feldman doctrine precludes jurisdiction of this claim in federal court.

---

[3] The City filed a second reply because Smithrud failed to comply with the Court's Order regarding the timing of responses. Docket No. 6 at ¶¶ 2, 13 (Order dated December 7, 2010, requiring that Smithrud respond to the City's motion to dismiss by January 27, 2011). Smithrud did not file his response until February 7, 2011, and he did not seek permission to file late. In the meantime, receiving no response on January 27, 2011, the City filed a reply on February 3, 2011, arguing that because Smithrud had failed to respond to its motion to dismiss, the Court could conclude that its arguments were unrebutted, the motion should be granted and the case dismissed. Defendants' Reply Memorandum of Law in Support of Motion to Dismiss or, in the Alternative, for Summary Judgment ("Def. Reply Mem."), pp. 3-4 [Docket No. 12]. When the City received Smithrud's late response, the City requested and was granted permission from the Court to file a second reply to respond to the substance of Smithrud's arguments.

In addition to not complying with the deadline for filing response, Smithrud also failed to comply with the local rules regarding word length. D. Minn. LR 7.1(d) (limiting a memorandum of law to 12,000 words); see also Docket No. 6 (Order dated December 7, 2010) at ¶ 5 (directing compliance with Local Rule 7.1 in connection with dispositive motions). Smithrud's memorandum of law was 25,433 words long (Docket No. 16-1(word count certificate)) and he neither requested nor received permission from this Court to file a memorandum in excess of 12,000 words. Nonetheless, in the interests of justice and the timely resolution of this matter, the Court has fully considered all submissions in full in ruling on this motion.

A.  **Subject Matter Jurisdiction and Review of the City's Quasi-Judicial Decision**

The City argued that the Court lacked subject matter jurisdiction over Smithrud's claims against it because the suit concerns a quasi-judicial decision by the Minneapolis City Council for which the sole remedy is a petition for writ of certiorari to the Minnesota Court of Appeals, a remedy that he has already sought and been denied. This Court agrees.

City Council decisions to demolish nuisance property constitute an exercise of quasi-judicial authority for which the exclusive avenue of review is a petition to the Minnesota Court of Appeals for a writ of certiorari. City of Minneapolis v. Meldahl, 607 N.W.2d 168, 172 (Minn. Ct. App. 2000); see also Willis v. County of Sherburne, 555 N.W.2d 277, 282 (Minn. 1996) (a party may obtain review of a quasi-judicial decision by an executive body lacking statewide jurisdiction only by a petition for writ of certiorari, unless there is statutory authority for a different proceeding.) It is undisputed that the City ordinance at issue does not provide for district court review. Minneapolis, Minn., Code of Ordinances § 249.30 (2006); see Lathrop Aff., Ex. 1, ¶ 5.

All of Smithrud's claims arise out of the demolition of his Minneapolis property. Under Meldahl, jurisdiction for review of quasi-judicial claims arises solely by writ of certiorari to the Minnesota Court of Appeals, even for those claims not directly seeking review of the quasi-judicial decision. Meldahl, 607 N.W.2d at 172 ("The taking claim in this case is not separate and distinct from the city's quasi-judicial decision to demolish the structure, because an inquiry into the facts surrounding the takings claim would involve an inquiry into the city's decision to demolish the structure. In such a case, jurisdiction is by writ of certiorari alone."). Here, Smithrud's claims under the FHA, the

ADA, and the state building codes, as well as other state statutes, all arise out of the City's decision to demolish the building.  Pursuant to the holding in Meldahl, the Court lacks subject matter jurisdiction over those claims.

Smithrud argued that the certiorari process and preclusion of his claims in federal court is unconstitutional, and cites the Fifth and Fourteenth Amendments to the U.S. Constitution as evidence that the federal court should allow jurisdiction.  Complaint, ¶67; Plaintiff's Reply in Opposition to Motion ("Pl. Mem."), p. 3 [Docket No. 16].  Smithrud cited the Eighth Circuit's recent ruling in Gallagher v. Magner as proof that he may assert his federal claims. 619 F.3d 823 (8th Cir. 2011); see also Complaint, ¶ 43 ("[E]vidence of disparate impact arguably identical to that provided previously by Smithrud . . . can be sufficient to meet the burden shifting standards associated with Federal Fair Housing in the Eighth Circuit.").  But Smithrud had—and exercised—the right to challenge the City Council's decision through his petition for a writ of certiorari to the Minnesota Court of Appeals.  Smithrud's failure to petition properly does not change the limitation on his sole remedy.  See Willis, 555 N.W. 2d at 282 n.3 (noting that specification of the appropriate remedy in a timely petition for writ of certiorari does not deprive plaintiff of a remedy, even if that remedy was improperly filed).  Also, Smithrud's reliance on Gallagher is misplaced, since demolition was not at issue in that case.  Gallagher, 619 F.3d at 829 (describing strategies employed by the City of St. Paul including "orders to correct or abate conditions, condemnations, vacant-building registration, fees for excessive consumption of municipal services, tenant evictions, real estate seizures, revocations of rental registrations, tenant-remedies actions, and . . . court actions," but not including demolition).  Since the quasi-judicial proceeding in this

case specifically involves the demolition proceeding for the building, Smithrud's exclusive remedy was a writ of certiorari to the state appellate court.[4]

For all of these reason, this Court lacks subject matter jurisdiction over Smithrud's federal claims asserted under the FHA and the ADA, and also lacks subject matter jurisdiction over the state claims asserted under the state building codes and previously asserted in the state court actions.

### B. Subject Matter Jurisdiction and the Rooker-Feldman Doctrine

The City also contended that this Court lacked subject matter jurisdiction over Smithrud's claims, and specifically his fraud on the court claim because all counts in the present case are inextricably intertwined with the Minnesota state cases, and would require this Court to review a Minnesota state court determination in contravention of the Rooker-Feldman doctrine. Def. 2d Reply, pp. 6-7.

The Rooker-Feldman doctrine stands for the general principle that, with the exception of habeas corpus petitions, lower federal courts lack subject matter jurisdiction to review state court judicial decisions. D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482-83 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923). "Such jurisdiction is vested only in the United States Supreme Court." Prince v. Arkansas Bd. of Exam'rs in Psychology, 380 F.3d 337, 340 (8th Cir. 2004) (citing Lemonds v. St. Louis County, 222 F.3d 488, 492 (8th Cir. 2000)). As such, a federal

---

[4]   Smithrud has also not alleged the type of disparate impact claims that survived in Gallagher. Compare Gallagher, 619 F.3d at 833-38 (describing the standards required for a city-wide suit based on improper and aggressive enforcement of housing codes outside demolition ordinances to the detriment of a protected class) with Complaint, ¶¶ 30-43 (alleging disparate impact facts all arising out of the demolition of the building at 2400 DuPont Ave.); Pl. Mem., pp. 16-18 (pleading no specific facts alleging FHA violations not arising out of the decision to demolish).

12

plaintiff who was unsuccessful in state court "is barred from seeking what in substance would be appellate review of the state judgment in a United States district court based on the losing party's claim that the state judgment itself violates the loser's federal rights." Johnson v. De Grandy, 512 U.S. 997, 1005-06 (1994) (citing Feldman, 460 U.S. at 482; Rooker, 263 U.S. at 416). The Rooker-Feldman doctrine not only prohibits "straightforward appeals" of state judgments in federal court, but also federal review of matters "inextricably intertwined" with state court rulings. See Ballinger v. Culotta, 322 F.3d 546, 548 (8th Cir. 2003) (citing Lemonds, 222 F.3d at 492). "A general federal claim is inextricably intertwined with a state court judgment 'if the federal claim succeeds only to the extent that the state court wrongly decided the issue before it.'" Lemonds, 222 F.3d at 493 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring)).

In short, the Rooker-Feldman doctrine applies in those situations where a claimant has sued and lost in state court and then commences an action in federal court seeking relief for an injury caused by the state court's decision.

Here, Smithrud's Complaint explicitly challenges the state district court and Court of Appeals decisions dismissing his previous action, (see Complaint, ¶¶ 11-18), and he argues that Minn. R. Civ. P. 60.02(c) allows this Court to overturn the proceedings in the state court because of fraud. Pl. Mem., pp. 7-9. Smithrud does not dispute that his claims amount to an attempt to overturn a state court's decision, for which he has already exhausted his appeals opportunities. Complaint, ¶ 14 ("The District Court adopted the City's position, finding it had no subject matter jurisdiction despite the plain language of 42 U.S.C. § 3613, and despite the controlling authority cited by Smithrud,

pro se [sic]."). In fact, Smithrud's fraud claim is explicitly predicated on his theory that the City Attorney defrauded Hennepin County Judge Denise Reilly, and that because of this fraud her decision should be invalidated. Id. ¶¶ 13, 15, 71.

Pursuant to Minnesota Rule of Civil Procedure 60.02, "[o]n motion and upon such terms as are just, the court may relieve a party . . . from a final judgment (other than a marriage dissolution decree), order, or proceeding." Minn. R. Civ. P. 60.02. Smithrud argued that this rule, in combination with Minn. Stat. §§ 481.071, 471.07, authorizes a federal court to invalidate a decision of a state court. Smithrud urged this Court to apply state law to determine whether his actions are precluded, and that if a Minnesota state court would invalidate the judgment, this Court should do so as well. Id. at 2. However, the Rooker-Feldman doctrine forecloses such a challenge when it would have the effect of inviting a federal district court to engage in appellate review of a state court judgment. Minnesota R. Civ. P. 60.02 explicitly contemplates a motion to the court issuing a final judgment for relief from that judgment. Smithrud cannot use Minn. R. Civ. Pro. 60.02 as his platform for having this Court relieve him of the state district court's judgment. Thus, the Court finds that Smithrud's attempt to reverse the state court decision through his federal lawsuit, is barred by the Rooker-Feldman doctrine and on this additional basis, the Court lacks jurisdiction to consider the claim.

### C.     **Fraud on the Court**

Finally, even if this Court had not determined that it lacked subject matter jurisdiction over this suit based on the inability to review quasi-judicial proceedings and the Rooker-Feldman doctrine, the Court finds that dismissal of Smithrud's fraud on the court claim is appropriate because this claim cannot survive the City's motion for

14

summary judgment.  Smithrud essentially alleged that since the arguments advanced by the City Attorney in the state action were (from his perspective) false, the City Attorney committed fraud on the court.   Complaint, ¶¶ 71, 74, 77, 78; Pl. Mem., pp. 9-11.  This claim fails as a matter of law.

Smithrud brought his claim under Minn. Stat. §481.07 or 481.071.  These statutes do not create a cause of action.  Love v. Anderson, 240 Minn. 312, 316, 61 N.W.2d 419, 422 (1953) ("The common law gives the right of action and the statute the penalty."); Fabian, May & Anderson, PLLP v. Vollkommer, No. A10-1205, 2011 WL 1364423 (Minn. Ct. App. April 12, 2011) (affirming district court's summary judgment on counterclaim under Minn. Stat. §481.07 on ground that the statute does not create a cause of action); Gregerson v. Vilana Fin. Servs., No. A10-863, 2010 WL 4455820 at *4 (Minn. Ct. App. Nov. 9, 2010) ("It is well-established that Minn. Stat. §481.07 and §481.071 do not provide an independent cause of action.").

Furthermore, what Smithrud's complaint alleged is not, as a matter of law, fraud. Minnesota courts define common law fraud as: (1) "a false representation pertaining to a material past or present fact susceptible of human knowledge;" (2) knowledge by the one making the representation of its falsity, or assertion of it without knowledge of its truth or falsity; (3) "an intention that the other person act on it or circumstances justifying the other person in so acting;" (4) the other person in fact reasonably relied on the representation; and (5) damages attributable to the misrepresentation."  In re Strid, 487 N.W.2d 891, 893-94 (Minn. 1992).   Smithrud alleged that the Minneapolis City Attorney's argument to the state district court was "erroneous" in claiming the court had no subject matter jurisdiction over the case and in advising the City Council of its ability

15

to demolish the building. Complaint, ¶¶ 15; 77, 78. Under no set of circumstances can the City Attorney's legal argument to Judge Reilly or its advice to its client, the Minneapolis City Council, be construed as fraud under this standard. The City presented its arguments; Smithrud presented his. The district court considered both and rejected his position. As a result, his claim of fraud on the court fails as a matter of law and dismissal is warranted pursuant to Fed. R. Civ. P. 56.

## V.  RECOMMENDATION

For the reasons set forth above, it is recommended that:

Defendant City of Minneapolis' Motion to Dismiss, or, in the Alternative, for Summary Judgment [Docket No. 3] be GRANTED.


Dated:  June 10, 2011                                 *Janie S. Mayeron*
                                                     JANIE S. MAYERON
                                                     United States Magistrate Judge


## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by **June 24, 2011,** a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  A party may respond to the objecting party's brief within ten days after service thereof.  All briefs filed under this Rule shall be limited to 3500 words. A judge shall make a de novo determination of those portions to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.  Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and Recommendations, the party making the objections shall timely order and file a complete transcript of the hearing on or before **June 24, 2011.**