UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

LeRoy Smithrud,

              Plaintiff,              Civil No. 10-4451 (JNE/JSM)

v.

**ORDER**

City of Minneapolis; John and Jane Does 1-10,

              Defendants.

Plaintiff LeRoy Smithrud brought this action against Defendant City of Minneapolis and John and Jane Does 1-10 ("City"), alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604-3617, the Americans with Disabilities Act, and 42 U.S.C. §§ 1981-1983.[1] On July 11, 2011, this Court adopted a Report and Recommendation issued by the Honorable Janie S. Mayeron, United States Magistrate Judge, and dismissed Smithrud's Verified Complaint ("Complaint") for lack of subject matter jurisdiction. On appeal, the Eighth Circuit Court of Appeals agreed that this Court lacked subject matter jurisdiction over Smithrud's state law claims, but held that the Court should not have dismissed the federal claims. The court affirmed in part, reversed in part, and remanded for this Court to determine whether the Complaint states a claim under federal law. After supplemental briefing on that issue, the Court concludes that it does not.

## I.     BACKGROUND

Smithrud owned an apartment building at 2400 Dupont Avenue North in Minneapolis. On June 6, 2007, the City's Director of Inspections ordered that the building be demolished

---

[1]     Smithrud filed a nearly identical action against the City of St. Paul. *Smithrud v. City of St. Paul*, Civil No. 10-4452 (JNE/JSM). A separate order will be issued related to that case.

because it was a nuisance. Smithrud requested a hearing, and the review panel recommended that the demolition order be upheld. After a committee hearing, the matter was presented to the full city council on August 22, 2008, at which time the city council voted to demolish the building. The decision was approved by the mayor on August 26, 2008.

On October 28, 2008, Smithrud brought an action against the City in the Hennepin County District Court. On October 31, 2008, the state district court dismissed the action for lack of subject matter jurisdiction and lack of personal jurisdiction. The Minnesota Court of Appeals affirmed the dismissal, finding that "[a] city's decision to order demolition of a building is quasi-judicial . . . and therefore a party may obtain review of the decision only by writ of certiorari to the court of appeals." *Smithrud v. City of Minneapolis*, No. A08-2157 (Minn. Ct. App. Sept. 15, 2009). Smithrud at attempted to appeal the City's decision by writ of certiorari in November 2008, but the appeal was dismissed as untimely.[2]

On November 3, 2010, Smithrud, proceeding *pro se*, filed the Complaint in this action alleging violations of the Fair Housing Act ("FHA"), 42 U.S.C. §§ 3604-3617, the Americans with Disabilities Act, and 42 U.S.C. §§ 1981-1983. The City moved for dismissal pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. The Honorable Janie S. Mayeron, United States Magistrate Judge, recommended dismissal for lack of subject matter jurisdiction. The Court adopted the Report and Recommendation and dismissed Smithrud's Verified Complaint against the City of Minneapolis.

---

[2] The Minnesota Court of Appeals noted that the City's decision to demolish the property became final on August 26, 2008, when it was approved by the mayor. *Smithrud v. City of Minneapolis*, No. A08-1957 (Minn. Ct. App. Dec. 23, 2008) The appeal period expired 60 days thereafter. Smithrud's appeal was not filed until November 7, 2008—outside of the 60-day window. *Id.* Smithrud also had failed to serve a copy of the writ on the City within the appeal period—providing another reason for dismissal. *Id.*

Smithrud, still proceeding *pro se*, appealed the dismissal to the Eighth Circuit Court of Appeals. The Eighth Circuit agreed that this Court lacked subject matter jurisdiction over Smithrud's state law claims, but held that the dismissal of the federal claims was improper. The Eighth Circuit affirmed in part, reversed in part, and remanded for this Court to determine whether the Complaint states a claim under federal law. This Court then ordered the parties to submit briefs on that issue.[3] In addition to addressing whether the Complaint states a claim, the City also asserted that Smithrud's FHA claims were time-barred. Smithrud was permitted to file a response brief on the subject of the FHA's statute of limitations, and the City was permitted to file a reply. All the briefs have now been submitted.

## II. DISCUSSION

When ruling on a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a court must accept the facts alleged in the complaint as true and grant all reasonable inferences in favor of the plaintiff. *Mulvenon v. Greenwood*, 643 F.3d 653, 656 (8th Cir. 2011). Although a complaint is not required to contain detailed factual allegations, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that

---

[3] Contrary to Plaintiff's assertions, the Defendant's brief did not constitute a new motion to dismiss. The City filed a motion to dismiss on November 19, 2010. The Court granted that motion, but was reversed in part by the Eighth Circuit Court of Appeals. The order on remand from the Eighth Circuit was for this Court to consider whether the Complaint states a claim under federal law. The parties were given notice and an opportunity to submit briefs on the issue. Even if there were no pending motion to dismiss, the district court may *sua sponte* dismiss a case pursuant to Rule 12(b)(6). *See Smith v. Boyd*, 945 F.2d 1041, 1042-43 (8th Cir. 1991). Here, however, there was a motion to dismiss. *See* Def.'s Mot. to Dismiss (Docket No. 3).

allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Smithrud filed his Complaint when he was proceeding *pro se*, even though he is now represented by counsel. Although a *pro se* complaint should be liberally construed, it must still contain specific facts to support its conclusions. *Kaylor v. Fields*, 661 F.2d 1177 (8th Cir. 1981).

The court "generally may not consider materials outside the pleadings," but "[i]t may . . . consider some public records, materials that do not contradict the complaint, or materials that are 'necessarily embraced by the pleadings," *Noble Sys. Corp. v. Alorica Cent., LLC,* 543 F.3d 978, 982 (8th Cir.2008) (quoting *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir.1999)), as well as exhibits attached to the pleadings, *Mills v. City of Grand Forks*, 614 F.3d 495, 498 (8th Cir. 2010). Smithrud attached numerous exhibits to his Complaint—the Court will consider those that are relevant to this motion. The Court, however, will *not* consider the hundreds of pages of documents Smithrud subsequently and impermissibly filed with the Court—to do otherwise would convert the 12(b)(6) motion into a motion for summary judgment.[4] *See Ashanti v. City of Golden Valley*, 666 F.3d 1148, 1150-51 (8th Cir. 2012) ("Rule 12(d) of the Federal Rules of Civil Procedure requires that a motion to dismiss under Rule 12(b)(6) be treated as a motion for summary judgment under Rule 56 if 'matters outside the pleadings are presented to and not excluded by the court.'" (quoting Fed. R. Civ. P. 12(d)).

---

[4] These additional filings include unsworn "affidavits," miscellaneous documents, judicial opinions, and a "Request for Judicial Notice." Although Smithrud submitted affidavits purportedly setting forth additional factual allegations, these affidavits cannot properly be considered on this motion. The Court notes that Smithrud is now represented by counsel, and the Court has previously noted that Smithrud, while making passing reference to amending his Complaint, has never filed any motion to do so. *See* July 6 Order (Docket No. 67); D. Minn. LR 15.1. The Court will, however, consider any relevant and properly submitted exhibits relevant to the statute of limitations issue.

4

**A. Fair Housing Act Claims**

"The [FHA] prohibits property owners and municipalities from blocking or impeding the provision of housing on the basis of race, color, religion, sex, familial status, or national origin." *Gallagher v. Magner*, 619 F.3d 823, 831 (8th Cir. 2010) (citing 42 U.S.C. § 3604(a)-(b)). The Court need not address whether Smithrud's Complaint states a claim under the FHA because any such claim would be time-barred by the FHA's two-year statute of limitations.

The FHA provides that "[a]n aggrieved person may commence a civil action . . . not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice . . . to obtain appropriate relief with respect to such discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). "The computation of such 2-year period shall not include any time during which an administrative proceeding under this subchapter was pending with respect to a complaint or charge under this subchapter based upon such discriminatory housing practice." *Id.* § 3613(a)(1)(B). The alleged discriminatory housing practices terminated on August 26, 2008, when the decision to demolish Smithrud's property became final. Smithrud's Complaint was dated October 29, 2010, and filed on November 3, 2010. More than two years elapsed between the City's allegedly discriminatory housing practice and the commencement of this action.

Smithrud asserts that the limitations period should be tolled under the FHA's statutory tolling provision. He claims that he presented evidence that he filed a complaint with the U.S. Department for Housing and Urban Development ("HUD"), which he believes tolled the statute of limitations until the conclusion of his state court proceedings, including the appeals process. In Smithrud's "Memorandum in Response to Defendant City's Post-Remand Memorandum of Law in Support of Motion to Dismiss" (hereinafter "Plaintiff's Response Memorandum," Docket No. 73), he directs the Court to "Exhibit M," but no such exhibit was submitted along with this

5

memorandum.[5] Further, due to the haphazard and chaotic manner in which Smithrud's counsel littered the docket with extraneous and unsolicited filings, locating this purported HUD complaint presented a nearly insurmountable challenge. After unearthing the exhibit, however, the Court still concludes that the FHA's statutory tolling provision does not apply. The exhibit appears to be a letter addressed to the HUD field office in Minneapolis. But there is no indication that the letter was ever actually sent by Smithrud or received by HUD. *See* 42 U.S.C. § 3610(a)(1)(B)(i) (providing that after a complaint is filed with the Secretary of HUD, the Secretary "shall service notice upon the aggrieved person acknowledging such filing and advising the aggrieved person of the time limits and choice of forums provided under this subchapter."). There is no indication that the Secretary ever acknowledged the purported filing. There is no suggestion that HUD ever knew about, initiated, or participated in any proceeding related to Smithrud's claims. This letter, standing alone, provides no support for the assertion that there was ever an administrative proceeding pending. Smithrud's self-initiated state court lawsuit was not an "administrative proceeding" and did not trigger the FHA's statutory tolling provision.

Smithrud also makes reference to the "continuing violations" doctrine. *See, e.g.*, *Havens Realty Corp. v. Coleman*, 455 U.S. 363, 380-81 (1982) (concluding that if a plaintiff under the FHA "challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitations period, the complaint is timely" when the last asserted occurrence of that practice falls within the limitations period). Smithrud claims that the City "had a long-standing policy of unlawfully enforcing its invalid municipal housing codes against

---

[5] In fact, although Smithrud's attorney has submitted several affidavits in which she states that various exhibits are "attached hereto and marked as Exhibit ___," none of the exhibits she submitted in this case have been marked with any identifiers whatsoever, making it that much more difficult for the Court to locate the referenced documents.

his property resulting in its loss" and that he "is able to demonstrate the maintenance of ongoing violations of the City before and during the relevant time period." Pl.'s Resp. Mem. 5. But Smithrud fails to point to any occurrence or incident that took place within the statutory filing period. The last incident involving Smithrud occurred on August 26, 2008. The "continuing violations" doctrine is of no assistance to Smithrud.

Finally, Smithrud claims that because he filed his state court lawsuit within the statutory period, the limitations period should be tolled. He further asserts that because the City participated in the state court proceedings, it cannot claim to be surprised or prejudiced by the later filing of the federal complaint. Pl.'s Resp. Mem. 3. A timely filing of a state court lawsuit does not trigger the FHA's statutory tolling provision under 42 U.S.C. § 3613(a)(1)(A) with respect to the commencement of a *different* lawsuit in federal different court. The federal lawsuit must still commence "not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice." *Id.* To the extent Smithrud is attempting to argue that the statute of limitations should be equitably tolled, the Court disagrees.

"Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Earl v. Fabian*, 556 F.3d 717, 722 (8th Cir. 2009) ("In this circuit, 'equitable tolling is appropriate only under limited conditions, for example, where extraordinary circumstances beyond a [plaintiff]'s control prevent the timely filing of a petition' or where the 'conduct of the defendant has lulled the plaintiff into inaction.'" (quoting *Gassler v. Bruton*, 255 F.3d 492, 495 (8th Cir. 2001))). "The use of equitable procedures 'to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship

7

supplant the rules of clearly drafted statutes.'" *Earl*, 556 F.3d at 722 (quoting *Flanders v. Graves*, 299 F.3d 974, 976 (8th Cir. 2002)); *see also Finch v. Miller*, 491 F.3d 424, 427-28 (8th Cir. 2007) ("Equitable tolling is an exceedingly narrow window of relief." (internal quotation marks omitted)); *Pecoraro v. Diocese of Rapid City*, 435 F.3d 870, 875 (8th Cir. 2006) ("Courts generally require strict compliance with a statute of limitations and rarely invoke doctrines such as equitable tolling to alleviate a plaintiff from loss of his right to assert a claim.").

Smithrud has not argued, nor can the Court find, that any "extraordinary circumstances" exist in this case. Extraordinary circumstances exist "when some fault on the part of the defendant has caused a plaintiff to be late in filing, or when other circumstances, external to the plaintiff and not attributable to his actions, are responsible for the delay." *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005) (internal quotation marks omitted); *see also Pecoraro*, 435 F.3d at 875 ("[T]he remedy of equitable tolling traditionally is reserved for circumstances 'truly beyond the control of the plaintiff' and 'should be applied where a party acts diligently, "only to find himself caught up on an arcane procedural snare."'" (citations omitted)). When Smithrud filed his action in state court, the state district court lacked jurisdiction over the claim because the only means by which to challenge the City's quasi-judicial decision to abate a nuisance property was through a petition for a writ of certiorari to the Minnesota Court of Appeals. *Smithrud*, 2009 WL 2927389, at *2. Smithrud failed to file his petition within the applicable sixty-day limitation period. Smithrud's lack of understanding of the law is not an extraordinary circumstance and does not justify equitable tolling. *See Cross-Bey v. Gammon*, 322 F.3d 1012, 1015-16 (8th Cir. 2003).[6]

---

[6] Additionally, it is not even clear whether equitable tolling should be allowed where the prior dismissal was on jurisdictional grounds. *See Burnett v. N.Y. Cent. R.R. Co.*, 380 U.S. 424 (1965) ("[W]hen a plaintiff begins a timely FELA action in a *state court of competent*

Even if extraordinary circumstances existed, the record indicates that Smithrud did not diligently pursue his rights. The state district court dismissed Smithrud's lawsuit on October 31, 2008. The Minnesota Court of Appeals affirmed the dismissal on September 15, 2009. The appellate court had already dismissed Smithrud's writ of certiorari on December 23, 2008. The Minnesota Supreme Court denied review of Smithrud's case on November 24, 2009. But Smithrud, despite having ample warning that the state district court lacked jurisdiction over his claims, and that he had missed his opportunity to challenge the City's action in state court, did not file his complaint in federal court until November 3, 2010. Instead, he waited nearly a year from the conclusion of his state court proceedings before filing a claim in federal court. Had he filed his federal complaint soon after his state complaint was dismissed, or when the appellate court affirmed the dismissal, or even when the Minnesota Supreme Court denied review, he would have been well within the two year limitations period. His failure to do so demonstrates a lack of diligence, for which equitable tolling is not warranted. *See, e.g.*, *Pecoraro*, 435 F.3d at 875 (finding that the plaintiff did not act diligently where he filed his initial lawsuit in a district lacking personal jurisdiction, and stating that although the plaintiff's initial act of suing the defendant in the improper court may have been reasonable, the plaintiff's "subsequent failure to take heed of numerous warning regarding personal jurisdiction was unreasonable"); *Pace*, 544 U.S. at 419 (finding a lack of diligence where the petitioner waited five months after his judgment of conviction became final to file a habeas petition); *Nelson v. Norris*, 618 F.3d 886 (8th Cir. 2010) (finding a lack of diligence where the petitioner waited nine months after a

---

*jurisdiction* . . . the FELA limitation is tolled during the pendency of the state action." (emphasis added)); *Weathers v. Bean Dredging Corp.*, 26 F.3d 70, 73 (8th Cir. 1994) ("We . . . decline to decide the question of whether or not equitable tolling should be allowed where the prior dismissal was on jurisdictional grounds.").

rehearing in state court was denied). "We will decline to apply the doctrine of equitable tolling if a [plaintiff] has not diligently pursued his rights." *Earl*, 556 F.3d at 722.

The FHA's statutory tolling provision is not triggered in this case. Nor does the Court find it appropriate to equitably toll the FHA's two-year statute of limitations. There has been no argument or demonstration of "extraordinary circumstances" and Smithrud has not been diligent in pursuing his claims in federal court. Because more than two years elapsed between the termination of the City's allegedly discriminatory practices with respect to Smithrud and the filing of his federal complaint, Smithrud's FHA claims are time-barred and must be dismissed.[7]

---

[7] Even if Smithrud's FHA claims were not time-barred, the Complaint would still fail to state a claim under that statute. First, there are no facts supporting the general statement that Smithrud's tenants belonged to protected classes, or to which protected classes they belonged. There are no facts to support a claim that the City acted *because* of Smithrud's tenants' alleged protected class status. And despite Smithrud's conclusory statement that the City's actions had a disparate impact on protected class members, there are no factual allegations to support that statement either. In fact, the Complaint only states that the City's actions cause *Smithrud* to lose his rental property, and caused ten of *his* tenants to lose their housing. The crux of a disparate impact claim is "that the objected-to action[s] result[ed] in . . . a disparate impact upon protected classes compared to a relevant population," or, in other words, that the City's policies "ha[d] a significant adverse impact on members of a protected minority group." *Gallagher*, 619 F.3d at 833 (citation omitted). The Complaint contains no facts to support such a claim. Further, the City's alleged violation of the State Building Code, in and of itself, does not constitute an FHA violation. Finally, the City's meritorious arguments to the state court regarding the state court's lack of subject matter jurisdiction also do not constitute an FHA violation.

With respect to Smithrud's disability claims under the FHA, the Complaint does not allege how Smithrud was disabled, that Smithrud was a "buyer or renter," that he was denied a dwelling, or that such denial was because of his alleged disability. The Complaint alleges only that the City allowed the demolition of Smithrud's properties, even though he was disabled and notified the City of his disability, and that the City refused to provide accommodations as requested by Smithrud. In his memorandum, Smithrud argues that the City "failed to consider his disability to meet the City's onerous demands as to the treatment of his property." Am. Mem. Opp. Dismissal 37 (Docket No. 64). But a disabled owner of a rental property is not entitled to violate housing codes because of his disability. The Complaint fails to state a claim under 42 U.S.C. § 3604(f)(1).

10

## B. Americans With Disabilities Act ("ADA")

Smithrud's Complaint and memoranda refer to the ADA, but it is not clear to the Court that Smithrud intended to actually make a claim under that Act. The Complaint alleges that Smithrud "is and was disabled at all times material as defined in the Americans With Disabilities Act," "had repeatedly so notified City personnel," and that "City personnel repeatedly knowingly and intentionally, if not negligently refused to provide any accommodations as requested by Smithrud." Compl. ¶¶ 9-10. But none of Smithrud's submissions—not even those submitted by his attorney—cite to any provision of the ADA or case law interpreting the ADA. Rather, his memoranda repeatedly cite to 42 U.S.C. § 3604(f)(1), a provision of the FHA prohibiting housing discrimination based on a person's handicap. Thus, all of Smithrud's disability claims appear to be asserted under the FHA, not ADA (and the FHA claims are time-barred). Although the Court liberally construes a *pro se* complaint, it is inappropriate to do so here where Smithrud is now represented by counsel and it is clear based on his numerous recent submissions that no claim under the ADA is intended.

Even if Smithrud intended to bring suit under the ADA, his Complaint would nevertheless fail to state a claim under this statute. Title II of the ADA states in pertinent part: "[N]o qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by such entity." 42 U.S.C. § 12132 (1994). Title III of the ADA prohibits discrimination on the basis of disability "in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation." 42 U.S.C. § 12182(a). As explained above, the Complaint only alleges that Smithrud is disabled, notified City personnel of his disability, and that the City did not provide

11

"any accommodations as requested by Smithrud." Compl. ¶¶ 9-10. These vague assertions are conclusory, utterly lacking in factual support, and thus are insufficient to survive a motion to dismiss under Rule 12(b)(6). There are no facts concerning the disability from which Smithrud allegedly suffers, what benefit Smithrud was denied, what reasonable accommodations he requested, to whom he made those requests, or that he was even discriminated against because of his disability. Rule 12(b)(6) requires more than mere labels and conclusions. *Iqbal*, 556 U.S. at 678. Here, we do not even have "a formulaic recitation of the elements of a cause of action," let alone "sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted). Smithrud's threadbare allegations do not state a claim under the ADA.

## C. "Civil Rights" Claims

Count three of the Complaint is entitled "Fraud on the Court by the City Attorney Under M.S.A. § 481.07 and/or § 481.071 and as Retaliation or Interference with Contract As Violation of Federal Fair Housing And/or Other Civil Rights Claims." Smithrud alleges that the City Attorney "committed and accomplished a fraud and a fraud on the Hennepin County District Court when, shortly after Smithrud filed his State Court Verified Complaint the City Attorney urged that the Court had no subject matter jurisdiction and the Court adopted that false position." Compl. ¶ 71. Smithrud asserts this claim under Minnesota Statutes §§ 481.07 and 481.071, and states that this Court should exercise its supplemental jurisdiction over these claims. The Eighth Circuit has already affirmed that this Court lacks subject matter jurisdiction over Smithrud's state law claims. *See Smithrud v. City of Minneapolis*, 456 Fed. App'x 634, 635 (2012). It is entirely unclear to this Court how an attorney's legal argument to a court regarding subject

matter jurisdiction—especially an argument that is ultimately deemed meritorious and affirmed on appeal—amounts to a violation of Smithrud's civil rights.

Sections 1981, 1982, and 1983 of Title 42 of the United States Code are mentioned once in the Complaint—in the first paragraph alleging jurisdiction. That paragraph also makes a vague reference to the Fifth and Fourteenth Amendments of the United States Constitution. Nothing in the Complaint supports a claim under any of those statutes. Smithrud's "Amended Memorandum in Opposition of Dismissal of Plaintiff's Complaint Pursuant to Rule 12(b)(6)" (hereinafter "Plaintiff's Opposition Memorandum," Docket No. 64) does little to shed light on how Smithrud's civil rights were violated, or even which civil rights are being implicated in this action.[8]

Smithrud claims that the City's enforcement of its housing code and subsequent legal arguments before the state court "deprived him of his constitutional rights granted to him under the Federal Housing Act and the Civil Rights Act, Section 1983." Pl.'s Opp. Mem. 50. The Court first notes that although federal statutes may provide an enforcement mechanism for constitutional rights, they do not themselves grant such rights. To the extent that Smithrud argues that his inability to succeed in his state court lawsuit somehow amounted to a civil rights violation. It does not. The attorney's (successful) legal arguments before the state court regarding subject matter jurisdiction did not deprive Smithrud or his tenants of any civil rights or violate the United States Constitution or any other federal laws.

---

[8] Smithrud's memorandum—apparently drafted by his attorney—is excruciatingly convoluted and difficult to understand. The Court made its best attempt to decipher and analyze Smithrud's arguments. In so doing, however, the Court notes that the claims made in the memorandum do not appear in, and are not supported by, the Complaint. The Court only addresses them now out of an abundance of caution.

Further, the City's allegedly false declaration of Smithrud's property as "vacant" and enforcement of its housing code, do not constitute violations of 42 U.S.C. § 1983, absent any factual allegations showing that these actions were pursuant to some official custom, policy, or practice of the City and that they were unconstitutional or violated federal law. *See Moyle v. Anderson*, 571 F.3d 814, 817 (8th Cir. 2009). Even if the City's enforcement of its housing code violated state law, "violations of state laws do not by themselves state a claim under 42 U.S.C. § 1983." *Lilley v. State of Mo.*, 920 F. Supp. 1035, 1044 (E.D. Mo. 1996), *aff'd*, 111 F.3d 135 (8th Cir. 1997); *see also Ebmeier v. Stump*, 70 F.3d 1012, 1013 (8th Cir. 1995) ("It is established beyond peradventure that a state actor's failure to observe a duty imposed by state law, standing alone, is not a sufficient foundation on which to erect a section 1983 claim."). The Complaint contains no factual allegations to show that the City's enforcement actions were discriminatory or deprived anyone of due process or any other constitutional or federal rights.[9] The Complaint fails to state a claim under 42 U.S.C. § 1983.

Smithrud's Opposition Memorandum states that Smithrud was deprived "of his § 1981 and § 1982 rights to make and enforce his real estate agreement to be able to sell and convey his real estate property." Pl.'s Opp. Mem. 50. He also asserts that the City "interfered with his rights and his tenant's rights to enforce and enjoy their lease agreement as they were evicted." *Id.* Finally, he claims that the City deprived him "of his federal fair housing right to associate with protected class tenants." *Id.* It is not clear whether these claims actually appear in the Complaint, but there are clearly no factual allegations in the Complaint to support these claims if they do, in fact, exist. Section 1981 and 1982 prohibit intentional discrimination on the basis of race. 42 U.S.C. §§ 1981, 1982. Smithrud's Complaint contains no race-based allegations. The

---

[9] As explained above, the Complaint does not adequately plead a FHA or ADA violation.

Complaint's bare assertions that Smithrud's tenants were members of "protected classes," without ever alleging which protected classes were at issue, and with no mention of race whatsoever, do not suffice. Additionally, claims under § 1981 and § 1982 require an allegation of discriminatory intent. *See Gallagher*, 619 F.3d at 839. The Complaint does not allege discriminatory intent.[10] The Complaint fails to state a claim under 42 U.S.C. § 1981 and § 1982.[11]

### III.   CONCLUSION

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Smithrud's Verified Complaint fails to state a claim under federal law and is therefore DISMISSED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: September 18, 2012

s/Joan N. Ericksen<br>
JOAN N. ERICKSEN<br>
United States District Judge

---

[10]   The Complaint alleges that the City intentionally "violated the State Building Code" and "intentionally allowed the demolition of the property," but *not* that the City intentionally discriminated against protected class members. In fact, the Complaint states that "[s]uch retaliation and damage, whether intentional or not, has proximately caused damages . . . ." Compl. ¶ 67.

[11]   Further, § 1983 "provides the exclusive federal damages remedy for the violation of the rights guaranteed by § 1981 when the claim is pressed against a state actor." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 735 (1989); *Artis v. Francis Howell North Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir.1998).